**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE MIKELAITIS,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 3:26-CV-3117** |
| **v.** | : | **(JUDGE MANNION)** |
| **LIPTEK, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

### I. BACKGROUND

Plaintiff, George Mikelaitis, brings the instant case pursuant to 42 U.S.C. §1983. He alleges that hundreds of dollars' worth of his personal property was confiscated by prison officials at SCI-Benner Township on or before his transfer out of the prison on May 22, 2024.[1] (Doc. 1 at 9-13).

On May 22, 2024, Mikelaitis was allegedly transferred from SCI-Benner Township to SCI-Houtzdale. (*Id.* at 13). Upon his arrival, a lieutenant

---

[1] Given that the complaint plainly displays a timeliness issue with respect to these facts, the court only briefly summarizes these allegations in the interest of judicial economy.

in the prison purportedly helped Mikelaitis recover much of his lost property. (*Id.*) The complaint alleges that while in SCI-Houtzdale, Mikelaitis was placed in F-Block housing unit, where his unit manager was Mr. Paulson, who was previously his counselor at SCI-Benner Township. (*Id.* at 14).

The complaint alleges that F-Block turned into a "living hell" shortly after Mikelaitis's placement there. (*Id.*) The complaint alleges that Paulson and Sergeant McCoy assigned sex offenders to share a cell with Mikelaitis who "w[ore] diapers and could not clean themselves properly." (*Id.*) McCoy purportedly started a rumor that Mikelaitis "worked for security" in the hopes that Mikelaitis would get into a fight. (*Id.*) Mikelaitis purportedly lost a significant amount of weight and was hospitalized because of stress. (*Id.*)

In October 2025, McCoy allegedly verbally harassed Mikelaitis by saying "you should just hang yourself," "your family is dead because they wanted to get away from you," and "you love these trannys." (*Id.* at 14-15). McCoy purportedly stated that he was almost ready to retire and that he wanted Mikelaitis to kill himself. (*Id.* at 15). McCoy requests an "investigation on the Department of Corrections" as well as a refund or replacement for his lost personal property. (*Id.*) The complaint names several defendants employed at SCI-Benner Township and SCI-Houtzdale, but does not specifically state what constitutional rights the defendants have violated.

## II. Standard of Review

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis*. *Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021)

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. Discussion

Plaintiff's constitutional claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

Civil rights complaints brought by inmates in Pennsylvania are governed by Pennsylvania's two-year statute of limitations for personal injury actions. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The limitations period begins to run on the date that the plaintiff knew, or should have known, of the injury upon which the claim is based. *Id.* (citing *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). A district court may dismiss a complaint as untimely pursuant to a screening review under 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A if the untimeliness is clear from the face of the complaint. *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010); *see also McGoveran v. Amazon Web Servs., Inc.*, 175 F.4th 439-40, (3d Cir. 2026) (noting that complaints may be

dismissed at pleading stage on the basis of an affirmative defense if the affirmative defense is plain from the face of the complaint).

Equitable tolling for Section 1983 actions is governed by state law. *Pearson v. Sec'y Dept. of Corrs.*, 775 F.3d 598, 602 (3d Cir. 2015). Pennsylvania law allows a statute of limitations to be equitably tolled "when a party, through no fault of its own, is unable to assert its right in a timely manner." *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 995 (Pa. 2020) (citing *DaimlerChrysler Corp. v. Commonwealth*, 885 A.2d 117, 119 n.5 (Pa. Commw. Ct. 2005)). Plaintiffs bear the burden of proof to show that the limitations period should be tolled under Pennsylvania law. *Swietlovich v. Bucks County*, 610 F.2d 1157, 1162 (3d Cir. 1979). A plaintiff must demonstrate that he was diligent in pursuing his claim to benefit from equitable tolling. *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997). In a prisoner civil rights case, the statute of limitations is tolled while the plaintiff attempts to exhaust administrative remedies. *Pearson*, 775 F.3d at 603-04.

In this case, it is plain from the face of Mikelaitis's complaint that any claims arising from his incarceration in SCI-Benner Township are untimely. He was transferred out of the prison on May 22, 2024, and thus needed to file his complaint no later than May 22, 2026, approximately four months

before he actually filed his complaint on October 7, 2026.[2] Because Mikelaitis has not presented any arguments for equitable or statutory tolling of the limitations period, the court will dismiss the claims arising from his incarceration in SCI-Houtzdale without prejudice to Mikelaitis presenting arguments for tolling in an amended complaint.

As for Mikelaitis's claims arising from his time in SCI-Benner Township, it appears that Mikelaitis is attempting to hold defendants liable for placing him with certain cellmates or for verbal harassment. Neither is sufficient to state a claim for violation of his civil rights. A plaintiff merely being placed with an inmate that he deems undesirable—with no allegation that the placement caused any harm or risk of harm to the plaintiff—does not amount to a constitutional violation. *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996) (noting that double celling is not per se unconstitutional but may amount to a constitutional violation of combined with other adverse conditions of confinement). Similarly, Harassing and threatening language by prison officials by itself does not violate the Constitution. *See, e.g., Sears v. McCoy*, 815 F. App'x 668, 670 (3d Cir. 2020); *Rieco v. Moran*, 633 F. App'x 76, 79

[2] The complaint was received and docketed by the court on October 20, 2026, but is deemed filed on the date it was submitted for mailing pursuant to the prisoner mailbox rule.

(3d Cir. 2015). The claims arising from Mikelaitis's time in SCI-Benner Township will therefore also be dismissed for failure to state a claim upon which relief may be granted.

Before dismissing a civil rights complaint for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The court will grant Mikelaitis leave to amend his complaint in this case because it cannot conclude at this stage that amendment would be inequitable or futile.

## IV. CONCLUSION

For the foregoing reasons, the court will dismiss Mikelaitis's complaint without prejudice and grant plaintiff leave to file an amended complaint. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 10/23/26
26-3117-01